# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>vs.<br>MIGUEL SORIA (24),<br><br>  Defendant. | CASE NO. 10CR3044 WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion for revocation of pretrial release order filed by the Plaintiff United States of America (Doc. # 190).

**FACTS**

On July 29, 2010, the federal grand jury returned a one-count indictment charging Defendant Miguel Soria and others with conspiring to conduct enterprise affairs through a pattern of racketeering activity, in violation of 18 U.S.C. 1962(d). The indictment charges that the Defendant Soria was a crew member in the Fernando Sanchez Organization (FSO), a drug trafficking organization with the objective and purpose of importation and distribution of narcotics in the United States. The indictment alleges that the FSO conducts extensive enforcement operations in the United States and Mexico in support of its drug business, including acts of assault, kidnaping and murder. The indictment charges that Defendant Soria personally committed at least four separate racketeering acts involving conspiracy to commit murder, conspiracy to commit armed robbery, distribution of methamphetamine, and distribution of marijuana.

On July 26, 2010, Defendant made his first appearance before a United States Magistrate Judge. Counsel was appoint and Defendant entered a plea of not guilty. The attorney for the United States made an motion to detain the Defendant pending trial.

On August 4, 2010, the Magistrate Judge held a detention hearing. The Government sought detention on the grounds that the Defendant was a flight risk and a danger to the community. Defendant asserted that there are conditions or combinations of conditions which could be set by the Court to assure his presence at future court appearances and the safety of the community.

The Magistrate Judge found that the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community pursuant to 18 U.S.C. § 3142(e)(3)(A) applied but concluded that the Defendant had put forth enough evidence to rebut the presumption. The Magistrate Judge stated:

> I do note that the weight of the evidence is the least important factor. These allegations are extremely serious. They do show a danger, but I do take note of the fact that Mr. Soria's role in the most violent of the offenses, the attempted robbery on the 14th of December, was that of a – he didn't actually possess the weapon, and he was, I believe, a look-out... which is certainly a little bit less mitigated than others. And also, you were driver in the alleged murder plot.
>
> Both of these put you in a very serious situation, whether ... you're hanging around with the wrong crowd or not, you put yourself into a situation of extreme risk to you and your family, in terms of prison, and you're facing very serious charges....
>
> Because of the role you played and the evidence in terms of who was going to be the actual shooter, I'm going to – I'm not going to detain you on the basis of danger to the community, because I think your ties to the community and your equities, outweigh the danger that you pose, either because you intentionally want to hurt people in this case, or whether you were hanging around with the wrong crowd.

(Doc. # 217 at 26). The Magistrate Judge found that the Defendant is eighteen years old, has significant ties to the community, and is a United States citizen. The Magistrate Judge found that the Defendant had one prior drug conviction but had complied with the conditions of supervised release. The Magistrate Judge found that a combination of conditions would reasonable assure the Defendant's appearance and the safety of the community, including a personal appearance bond in the amount of $100,000 secured by real property and active GPS

1  monitoring.

2  On August 8, 2010, the Government filed a motion for review of the order granting
3  pretrial release. The Government asserts that the Defendant should be detained pending trial
4  because he is a danger to the community and a risk of flight. In addition to the presumption in
5  favor of detention, the Government contends that the nature and circumstances of this
6  racketeering conspiracy, including acts of murder, kidnaping, robbery and drug trafficking; and
7  this Defendant's personal participation in four separate racketeering acts strongly favors
8  detention.

9  Defendant asserts that the evidence that he was a knowing participant in all but one of
10 the four alleged acts of racketeering is weak. Defendant asserts that he dissociated himself with
11 negative influences after his arrest in January of 2010 for possession of marijuana with intent
12 to distribute. Defendant further asserts that the conditions imposed by the Magistrate Judge are
13 onerous and should be reduced to a $80,000 personal appearance bond secured by the signatures
14 of two financially responsible adults.

15 On August 24, 2010, this Court held a hearing on the motion to revoke pretrial release
16 order. At the hearing, the Government's proffered evidence that the Defendant was directly
17 involved in two drug trafficking offenses, and conspiracy to commit robbery, and conspiracy
18 to commit murder.[1]

19 On December 14, 2009, at approximately 8:20 p.m., Defendant Raul Moreno placed a
20 recorded call to a confidential informant. During the call, Moreno asked the confidential
21 informant to report as soon as possible to "la officina," which was known to be located at 244
22 Palomar, Apartment #28, Chula Vista, California. Moreno explained that they were looking
23 for "magazines for the shorts," which referred to ammunition magazines for the handguns. On
24 the way to the meeting spot, the confidential informant was provided with a concealed
25 recording device. Surveillance agents followed the confidential informant. Agents observed

---

[1] "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f)(2). Defendant disputed only the inferences to be drawn from the facts proffered by counsel for the Government.

1  Defendant Soria, Defendant Moreno and Defendant Armando Castillo get into the confidential
2  informant's vehicle. The recording device revealed that while driving to a shopping mall
3  named Plaza Las Americas, Moreno stated that they were going to rob two women who worked
4  at the mall as the women walked to a nearby bank to deposit their daily cash proceeds. Moreno
5  stated that the women routinely made the walk between 10:00 p.m. and 10:30 p.m. According
6  to the confidential informant, Moreno was armed with a handgun. Numerous marked police
7  units were immediately sent to the mall. When the police arrived at the mall, they observed the
8  Defendant Soria walking near the bank and talking on a cell phone. After law enforcement
9  arrived, Defendant Soria and the others left the area.

10  On December 18, 2009, a confidential informant provided information that Defendant
11  Soria and Defendant Castillo were driving around San Diego making drug deliveries. Law
12  enforcement officers conducted a traffic stop of the vehicle and a subsequent search of the
13  vehicle resulted in the seizure of 2.4 grams of actual methamphetamine.

14  On January 8, 2010, at approximately 11:30 a.m., agents monitoring the court authorized
15  wiretaps began intercepting calls which confirmed that Defendant Mario Escamilla had
16  assigned the murder of a certain individual to a FSO crew. As a direct result of this
17  information, law enforcement officers conducted a traffic stop of a vehicle driven by Defendant
18  Soria and owned by the Defendant Escamilla. The stop resulted in the seizure of a loaded 9mm
19  Ruger handgun and 38 rounds of 9mm ammunition from beneath the rear passenger seat. Two
20  individual in the back seat were placed under arrest. Defendant Soria was detained briefly and
21  released.

22  On January 23, 2010, Defendant Soria, at the direction of Defendant Escamilla,
23  transported 68.30 kilograms of marijuana. Defendant was stopped near the San Clemente
24  Border patrol checkpoint and the marijuana was discovered in his vehicle. Defendant Soria was
25  charged and pled guilty to possession of marijuana with intent to distribute in 10CR616 DMS.

26  At the hearing, Defendant objected to any reference to evidence derived from wiretaps
27  in this case on the grounds that the Government had not complied with the requirements of 18
28

1   U.S.C. § 2518(9).[2]  Defendant asserted that the Government was required to produce the orders
2   and the applications for the electronic interceptions not less than ten days prior to any detention
3   hearing in order to rely upon any wiretap evidence at the detention hearing. The Government
4   asserted that the requirements of Section 2518(9) afford defendants an opportunity to make a
5   pretrial motion to suppress and do not apply to detention hearings. The Court set a further
6   hearing date in order to allow the parties to file briefing on the use of the wiretap evidence at
7   the detention hearing. The Government subsequently produced to the defense the "court
8   order[s] and accompanying application[s]." 18 U.S.C. § 2518(9).

9   On September 3, 2010, the Court held a further detention hearing. Defendant declined
10  a continuation of the detention hearing and requested that the Court exclude any evidence
11  derived from electronic interceptions in this case.

## RULING OF THE COURT

13  The Magistrate judge found that the Government had not carried its burden to show that
14  no condition or combination of conditions will reasonable assure the appearance of the person
15  as required and the safety of any other person and the community. The Government is entitled
16  to review by this Court. 18 U.S.C. § 3145(a)(1). This Court reviews the evidence "de novo"
17  and makes its own determination whether to modify the detention order. *United States v.*
18  *Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990).

19  The Bail Reform Act mandates the release of a person pending trial unless the court
20  "finds that no condition or combination of conditions will reasonable assure the appearance of
21  the person as required and the safety of any other person and the community...." 18 U.S.C. §
22  3142(e)(1). Where, as here, there is probable cause to believe that the defendant has committed
23  an offense identified as "an offense for which a maximum term of imprisonment of ten years

---

[2] 18 U.S.C. § 2518(9) provides that "[t]he contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or other proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved. This ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information."

or more is prescribed in the Controlled Substances Act," there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of [the Defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the Government. *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The Government must establish the risk of flight by a clear preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if he is released on bond. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." *Hir*, 517 F.3d at 1086; 18 U.S.C. § 3142(f)(2)(B).

The Court takes into account all available information concerning the factors set forth in Section 3142(g) in determining whether there are conditions of release that will reasonable assure the appearance of the Defendant and the safety of any other person and the community including: 1) the nature and circumstances of the offense charged, 2) the weight of the evidence against the person, 3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug and alcohol abuse; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). "The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g).'" *Hir*, 517 F.3d at 1086 *quoting United v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

On March 16, 2010, Defendant entered a plea of guilty to possessing 68.30 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) in the United States District Court for the Southern District of California, Case No. 10CR616 DMS. This possession of marijuana with intent to distribute on January 23, 2010 is alleged as an overt act

in the indictment in this case. This offense along with the overt act of possession of methamphetamine on December 18, 2009 support a presumption that "no condition or combination of conditions will reasonably assure the appearance of [the Defendant] as required and the safety of the community" pursuant to 18 U.S.C. § 3142(e)(3)(A). The grand jury further found probable cause to believe this Defendant was a personal participant in conspiracy to commit murder and conspiracy to commit armed robbery.

The nature and circumstances of the racketeering offense charged are extremely serious. Defendant is charged with participating in a drug trafficking organization and conducting enforcement operations. Defendant participation in the overt acts charged is direct and substantial. The charges could result in a sentencing guideline range of 135 to 168 months. The weight of the evidence against the Defendant is strong. The Court considers the evidence derived from the wiretap.[3] Even if the Court did not consider the wiretap evidence, there is ample evidence from surveillance, confidential informants, and the Defendant's prior plea of guilty to support the Government's proffer of the Defendant's participation in the offense charged.

While the weight of the evidence is the least important factor, this Court finds that nature and circumstances of the charged offense along with the weight of the evidence strongly favors detention in this case. Defendant's direct participation in the overt acts charged involves serious drug distribution as well as active participation in conspiracy to commit murder and armed robbery. The inference advanced by the Defendant Soria that he was an unknowing participant will be for the jury to decide. The evidence of his participation in these overt acts is clear and convincing for the purposes of this detention hearing.

Defendant is a young person with strong ties to the community. Defendant graduated from high school in June of 2009, obtained good grades, and was highly regarded by his teachers. Defendant is a United States citizen but has ties to Mexico. Defendant has one prior

---

[3]Congress noted that the purpose of the notice requirements set forth in 18 U.S.C. § 2518(9) is to afford defendants "an opportunity to make a pretrial motion to suppress..." S. Rep. No. 1097, 90th Cong. 2d Sess. 105-106, reprinted in 1968 U.S. Code Cog. & Ad. News, 2112, 2195. In this case, there was no prejudice to the Defendant and the Court would have continued the detention hearing for ten days had Defendant not urged the Court to go forward with the hearing.

1  conviction in March of 2010 for which he received time served of eighteen days and three years
2  supervised release.  At the time of his arrest, Defendant was residing at a halfway house,
3  attending college classes, and laid off from his job.  Defendant does not appear to have drug or
4  alcohol abuse problems and has made all prior court appearances.

5        The Court has weighed all relevant factors set forth in 18 U.S.C. § 3142(g) and
6  concludes that the Government has established by clear and convincing evidence that the
7  Defendant is a danger to the community and by a clear preponderance that the Defendant is a
8  risk of flight.  There is a presumption that "no condition or combination of conditions will
9  reasonably assure the appearance of [the Defendant] as required and the safety of the
10 community" pursuant to 18 U.S.C. § 3142(e)(3)(A) and the evidence of the Defendant's
11 character and community ties does not rebut this presumption. Defendant began a series of acts
12 which presented a serious danger to the community soon after graduating from high school in
13 June of 2009. Defendant is a convicted drug trafficker and his personal participation in the four
14 overt acts alleged in the indictment strongly favors detention.  The overt acts involve serious
15 acts of violence and this Court concludes that the presumption that no combination of
16 conditions will reasonably assure the appearance of the Defendant and the safety of the
17 community applies and has not been rebutted.  The Government has shown that the nature and
18 seriousness of the danger to the community that would be posed by the Defendant's release is
19 outweighed the Defendant's character and ties to the community.

20       IT IS HEREBY ORDERED that the motion for revocation of pretrial release order filed
21 by the Plaintiff United States of America (Doc. # 190) is granted.  Defendant is ordered
22 detained pending trial and, if convicted, sentencing in this matter.

23 DATED: September 7, 2010

24
25                   **WILLIAM Q. HAYES**
                  United States District Judge
26
27
28